WITTE *et al.*, *Appellants*, v. STIFEL *et al.*

Division Two, January 9, 1895.

1. **Negligence**: DANGEROUS PREMISES: INJURY TO CHILD. The owner of a building, in process of construction in a city, is not liable for injuries to a child playing thereat without his knowledge and without any inducement or invitation, implied or otherwise, on his part to the child to go upon the premises.

2. ——: ——: ——. Plaintiffs' son, seven years of age, went to one of the cellar windows of a building in process of construction in the city of St. Louis, which was about three feet from the street line, and sought to draw himself up by taking hold of a stone placed across the top of the window frame. The stone was not fastened and fell and killed him. It did not appear that the owner of the building or the contractors knew of the dangerous position of the stone or that children were in the habit of playing around the building. *Held*, that deceased was a trespasser and that, no inducement or invitation, implied or otherwise, having been held out to him to enter upon the premises, there could be no recovery for his death.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Dodge & Mulvihill* and *Charles F. Joy* for appellants.

This case is one of that class of cases which hold proprietors liable for injuries resulting to children, although trespassing at the time, where from the peculiar nature and open and exposed position of the dangerous defect or agent, the owner should reasonably anticipate such an injury to flow therefrom as actually happened. In all such cases the question of negligence is for the jury. 1 Thompson on Neg., 304, 305 and cases cited; *Bransom's Adm'r v. Labrot*, 81 Ky. 638; *Birge v. Gardner*, 19 Conn. 507; *Stockstill v. Railroad*, 24 Ohio St. 83; *Barrett v. Railroad*, 27 Pac. Rep. (Cal.) 666; *Schmidt v. Co.*, 90 Mo. 284; *Dwyer v. Railroad*, 12 Mo. App. 597; *Nagel v. Railroad*, 75 Mo. 653; *Curley v. Railroad*, 98 Mo. 13; *Koons v. Railroad*, 65 Mo. 592; *Fink v. Co.*, 75 Mo. 276; *Earl v. Crouch*, 61 Hun, 624; *Welsh v. St. Louis*, 73 Mo. 71; *Russell v. Columbia*, 74 Mo. 424. Issues as to the existence of negligence and contributory negligence and as to the proximate cause of an injury are for the jury to determine, where the evidence as to the facts is conflicting. *Water Works Co. v. Dougherty*, 37 Neb. 373; *Hydraulic Works Co. v. Orr*, 83 Pa. St. 332. If plaintiffs' testimony makes out a case of negligence, though uncorroborated, it must be submitted to the jury. *Railroad v. Alvord*, 128 Pa. St. 42; *Crogan v. Schiele*, 53 Conn. 186; *Railroad v. Collarn*, 73 Ind. 261; *Vinton v. Schwab*, 32 Vt. 612.

*Lubke & Muench, F. A. C. MacManus* and *J. Hugo Grimm* for respondents.

(1) Plaintiff's are not entitled to recover against defendant Otto F. Stifel, because of the doctrine which protects an owner where there is an independent contractor. The petition did not allege, and there is no evidence to show, any defects in the plans or in the materials to be furnished for the new structure; and the work to be done was not in any sense inherently dangerous. It also appeared that Stifel took no part whatever in the execution of the work. Under these circumstances there can be no liability upon him in this case. *Barry v. St. Louis,* 17 Mo. 124; *Morgan v. Bowman,* 22 Mo. 538; *Horner v. Nicholson,* 56 Mo. 220; *Lancaster v. Ins. Co.,* 92 Mo. 460; *Long v. Moon,* 107 Mo. 334. (2) Defendants Beinke & Wees, are not liable because of the doctrine *respondeat superior.* They were mere servants charged with the duty of observing that the building was put up in compliance with the contract, plans and specifications, and with the duty of requiring that it be so put up. For the faithful performance of this service they were liable only to their employer—not to strangers, such as the plaintiffs. *Douglas v. Stephens,* 18 Mo. 362; *Garretzen v. Duenckel,* 50 Mo. 104; *Harriman v. Stowe,* 57 Mo. 93; *Mound City, etc. Co. v. Conlon,* 92 Mo. 221. (3) Defendants Michael Kriesky and Molitor and Schwarz are not liable, because not one of them had anything, directly or indirectly, to do with the furnishing or setting of this piece of cut stone. Kriesby first came upon the scene three months after the accident, when he rented and moved into the completed building. And Molitor and Schwarz left the scene before the accident, when they completed the rubble masonry. (4) Defendant Schott is not liable, on two grounds, viz: *First.* Because the

work of furnishing and setting this stone was done by an independent contractor, defendant John King. *Second.* Because the boy was a trespasser. There was no legal obligation requiring defendants to either fence in or to place guards around the foundation. *Overholt v. Vieths*, 93 Mo. 423; *Gillespie v. McGowan*, 100 Pa. St. 144; *Curley v. Railroad*, 98 Mo. 18; *Porter v. Brewing Co.*, 24 Mo. App. 1. (5) Defendant John King is not liable, *first*, because he had set the stone with reasonable care and skill; *second*, the boy was a trespasser, to whom defendant King was under no obligation to insure safety against his trespass. *Schmidt v. Distilling Co.*, 90 Mo. 284.

BURGESS, J.—This action was instituted in the circuit court of the city of St. Louis, by plaintiffs, father and mother, to recover $5,000 statutory damages for the death of their son, Robbe F. Witte, about seven years and nine months of age, alleged to have been occasioned by the negligence of defendants. Upon a trial had, at the close of the evidence, the court, at the instance of all of the defendants, sustained a demurrer thereto, and instructed the jury that plaintiffs could not recover; whereupon plaintiffs took a nonsuit with leave to move to set the same aside, and, their motion to that end being overruled, they appealed to this court.

The boy had gone to meet his father, who was a paper hanger, on his return home from his day's work, and did meet him about one half block from home in front of the building where the accident happened. The father met a gentleman at this point and stopped to talk with him, during which time the boy went a short distance further on down the street, and the father went on home. As the boy returned, a few minutes after, he met some other boys in front of the build-

ing, and stopped to play with them in front of it on a pile of sand.

The cellar walls of the building were of stone, and about completed, the window frames were in, stones placed over them, and the joists were laid. The building stood about three feet back from the street or building line, and the top of the wall was about three or four feet above the surface of the ground. There were two windows in the wall fronting the street, and over each there was a large flat cut stone, which would weigh about six hundred pounds, loose, not being placed in mortar. The lad went to one of the windows, placed his feet upon the sill, his hands upon the stone over the window as if to pull himself up, when it fell upon him and killed him almost instantly. His weight was about sixty-five pounds. The accident occurred near the sidewalk on one of the thoroughfares in the city of St. Louis. No brick had been laid on the building at the time of the accident. There was no fence, to keep out persons, nor was there any warning of danger.

The defendant Michael Kriesky had nothing to do with the building, in any manner, until several months after the accident, when he rented and began to occupy it. Defendant Otto F. Stifel, in writing, contracted for the erection of this house by defendant Schott, according to plans and specifications prepared by defendants Beinke & Wees, architects, and the contract provided that these architects should superintend the construction of the building in accordance with these plans and specifications.

There was no evidence to show that defendant Stifel, in any way, took part in the construction of the building beyond the letting out of the contract therefor to defendant Schott, and the taking of the latter's bond with satisfactory sureties for the faithful performance

of the contract. There was also no evidence to show that the architects did anything more about the construction of the building than the preparation of the plans and specifications and the assumption of the duty of superintending the construction in accordance therewith.

The evidence showed that defendant John Schott is a carpenter; that he undertakes the entire construction of buildings; that he was invited to the office of the architects, Beinke & Wees, and there examined the plans and specifications; that he then took, from different mechanics, sub-bids for such of the work and material needed to put up the building as did not fall within the line of his trade as carpenter, and that after he had all these sub-bids he made one bid for the whole work, and was accepted as the original or principal contractor.

Among these sub-bids were those of defendants Molitor & Schwarz for the rubble or rough masonry, and of defendant John King for the cut stone work. These bids Schott accepted when he was awarded the entire contract. Defendants Molitor & Schwarz had finished the rubble masonry of the building when the boy was injured.

Defendant John King, as the subcontractor for the cut stone work, had, some days before the accident, laid or set the stone which the boy threw down upon himself. The evidence as to whether the stone had been laid in mortar or not was conflicting.

It may be conceded as a well settled proposition of law that where no duty is owed there is no liability. But there is another rule of law, equally as well settled, that is, that he who owns property must so use it as not to unnecessarily injure others. That neither the defendants in this case, nor any of them, owed the deceased any duty, is very evident, the only question

being, were they guilty of negligence in leaving the stone
in the condition that it was in, so near the public street
in the city, under the circumstances in proof, and if so,
were they liable in an action for damages for the death
of the deceased, occasioned by such negligence.    It was
not claimed that the plaintiffs were guilty of any negli-
gence in allowing the boy to go upon the street, or the
lot where he met his death, at the time that he received
the injury from the effects of which he, within thirty
minutes thereafter, died.   The deceased was not travel-
ing along the street at the time of the accident, but had
entered upon the lot upon which the house was being
builded, without invitation, voluntarily, and was at
most a mere intruder.

In *Birge v. Gardiner*, 19 Conn. 507, the defendant,
who put a heavy gate on his own land, beside a pass
way which was used by children, going to and from the
public road, but left it so carelessly that it fell upon a
child between six and seven years of age, who placed
his hands upon it and shook it in passing, was held to
be liable for the injury.

In *Bransom's Adm'r v. Labrot*, 81 Ky. 638, defend-
ants had possession and control of an unfenced lot in a
city upon a public street on which they had stacked a
large quantity of lumber in one large and irregular pile,
knowing that children were in the habit of congregating
there.   The piling of the lumber was so negligently
and badly done, that, as the decedent, an infant, was
playing near it, one of the timbers fell upon him, and
killed him, and it was held, upon demurrer to the peti-
tion, that defendants were *prima facie* liable.   See,
also, *Earl v. Crouch*, 61 Hun, 624.

So, in *Hydraulic Works Company v. Orr*, 83 Pa. St.
332, the defendant company was using a building as a
factory in which several kinds of business were carried
on in different stories, requiring the use of a hoisting

apparatus above an inclined plane below for the easy carriage of heavy articles of machinery, etc., into and out of the factory. Children were in the habit of going into the private grounds of defendant, and, with their knowledge, playing under the hoisting apparatus, which came down upon plaintiff's son, six years of age, and injured him, so that he died shortly thereafter, and it was held that the negligence of defendants was a question to properly be submitted to a jury.

The cases cited are more favorable to the plaintiff than any others to which our attention has been called, or that we have been able to find. But in all of them the object which caused the injury was a dangerous object left exposed, without guard or attendant, in a place of public or common resort for children whose natural instincts prompted them to meddle and play with it. These cases seem to reach the limit of liability. Besides, *Hydraulic Works Company v. Orr* was subsequently overruled in *Gillespie v. McGowan*, 100 Pa. St. 144, in which it is held that a child between seven and eight years of age may be a trespasser, and subject to the rules of law relating to trespassers. It is only in case of attractive machinery, or other objects similar in their effect, that children, when injured without fault or negligence on their part, are entitled to recover for personal injuries occasioned thereby, or in case of their death, their legal representatives, and even then, such right seems to be predicated of the fact that children are in the habit of resorting to such places for play, with the knowledge of those in charge of such object or machinery. *Railroad v. Stout*, 17 Wall. 657, and cases of like character.

In the case at bar, the stone which occasioned the injury had only been placed on the wall about five days at the time the injury occurred, and the evidence did not show that defendants, or any of them, knew of its

dangerous condition, or that children were in the habit of resorting to the building for play, nor can it be said that the construction of the basement of a building like that where the injury occurred, in a large city like St. Louis where so many residences are always in process of construction, has about it anything unusual or unique which would be attractive to children. There is, then, nothing to bring this case within the rule announced in either of the cases hereinbefore referred to.

The son of the plaintiffs, at the time of the accident, was a mere intruder and trespasser upon the lot upon which the house was being built. No inducement or invitation, implied or otherwise, had been held out to him, but, for his own amusement, he was attempting to draw himself up, by placing his hands upon the stone, which, by reason of the pressure thereon, fell upon him and killed him. The defendants owed him no duty, except the negative one, not to wantonly or maliciously injure him.

The deceased had left the sidewalk and stepped over the bounds and passed the limits to which he was restricted by the street and sidewalk, and, therefore, his case does not come within the rule which requires one person to protect a building upon his own premises, or of which he may be in control, which is dangerous to others passing along upon a public street. In 2 Shearman & Redfield on Negligence [4 Ed.], page 596, sec. 715, it is said: "The occupant of land is under no obligation to strangers to place guards around excavations made by him, unless such excavations are so near a public way as to be dangerous, under ordinary circumstances, to persons passing upon the way and using ordinary care to keep upon the proper path, in which case he must take reasonable precautions to prevent injuries to such persons." See, also, *Overholt v. Vieths*, 93 Mo. 422, and authorities cited.

So, in *Beck v. Carter*, 68 N. Y. 283, it was held that "where the owner of land expressly, or by implication, invites others to come upon his land, if he permits any thing in the nature of a snare to exist thereon, which results in injury to one availing himself of the invitation, and who, at the time, is exercising ordinary care, such owner is answerable for the consequences. If, however, he gives but a bare permission to cross the premises, the licensee takes the risk of accidents in using the premises in the condition in which they are." But in this case there was no invitation to deceased, nor was there anything from which a license could be inferred, to enter upon the lot and building which was under process of construction. The judgment is affirmed. All of this division concur.