Butz v. Cavanaugh.

Butz, *by Next Friend, Appellant,* v. Cavanaugh *et al.*

### Division One, February 9, 1897.

1. **Negligence:** PROXIMATE CAUSE: TRESPASSER. Where a boy twelve years old voluntarily went into an excavation on private property near a street and burned his feet in a smouldering fire therein, the dangerous condition of the street on account of steep banks at that place will not be deemed the proximate cause of the injury.

2. **City:** NUISANCE: POLICE REGULATIONS. A city is not responsible for injuries to private persons resulting from a failure to enforce its police regulations providing for the prevention and abatement of nuisances.

3. ———: EXCAVATION ADJOINING STREET: ORDINANCE: NEGLIGENCE. A property owner in a city who fails to fill or to inclose by wall or fence a dangerous excavation on his property adjacent to a street, as required by ordinance, is responsible for injuries to a stranger resulting from such failure.

4. ———: ———: ———: ———: INFANT. Where the owner of land in a city failed to guard a dangerous excavation on the land, as required by ordinance, he is not liable for injuries to an intelligent boy twelve years of age who, against the admonition of his father, voluntarily went into the excavation to get a piece of wire and burned his feet in a smouldering fire therein.

*Appeal from St. Louis County Circuit Court.*—Hon. Rudolph Hirzel, Judge.

Affirmed.

*W. C. & J. C. Jones* and *C. C. Kidd* for appellant.

(1) The owner of land owes some duty even to a trespasser, and the law will not permit him to take advantage of the trespass to inflict serious injury either by his own hands or through snares and death-traps. Bishop on Noncontract Law, secs. 846 and 847. 1 Thompson on Negligence, notes sec. 2, on p. 300.

(2)   He who baits upon his premises, man or beast, by taking advantage of their instincts is not trespassed against, and it is his duty to warn, guard, and protect them while there against all objects inherently dangerous, and a failure to do so is actionable negligence. Bishop on Noncontract Law, secs. 853, 854; *Townsend v. Wathen*, 9 East. 277; 1 Thompson on Negligence, pp. 304, 305.   (3)   The owner of land can not convert it into a place of snares and escape, on account of his dominion over the premises, all liability for injuries occasioned thereby.   If from the nature of the location of the premises and the circumstances of the case, it is to be expected that children will trespass thereupon, then it is actionable negligence for the owner to fail to warn against the trespass and guard against hidden dangers.   *Lewright v. Ahrens*, 60 Mo. App. 118; *Railroad v. McDonald*, 14 Sup. Court Rep. 619 and 629; *Lynch v. Nurdin*, 1 Q. B. 29; *Bransom's Adm'r v. Labrot*, 81 Ky. 638; *Birge v. Gardner*, 19 Conn. 507; *Schmidt v. Distilling Co.*, 90 Mo. 294.   (4)   If children are in the habit of resorting to the premises of another, or if they are tempted there by attractive objects, they are not trespassers.   He who by his acts or silence invites a trespass is not trespassed against.   In such cases it is the owner's duty to warn, guard and protect them against all hidden dangers and objects inherently dangerous, and a failure to do so is actionable negligence.   Cooley on Torts, chapter 10, p. 303; *Keffe v. Railroad*, 21 Minn. 207, 211; *Bennett v. Railroad*, 102 U. S. 577; *Railroad v. Stout*, 17 Wall. 657; *Powers v. Harlow*, 53 Mich. 507; *Schmidt v. Distilling Co.*, 90 Mo. 284; *Crafton v. Railroad*, 55 Mo. 580; *Schooling v. Railroad*, 75 Mo. 518; *Nagel v. Railroad*, 75 Mo. 653; *Railroad v. Fitzsimmons*, 22 Kan. 690; *Railroad v. Kellogg*, 94 U. S. 474.   (5)   When the evidence tends to show facts which constitute action-

able negligence, or "when the question of negligence arises upon even a conceded state of facts from which reasonable men might arrive at different conclusions," or when the inferences to be drawn from the evidence are not certain and incontrovertible, the question of negligence should be submitted to the jury. *Gratiot v. Railroad*, 116 Mo. 466; *Burdict v. Railroad*, 123 Mo. 230; *Berry v. Railroad*, 124 Mo. 244. (6) A municipal corporation is liable for the creation and maintenance of nuisances in the same manner as natural persons. 15 Am. and Eng. Ency. of Law, p. 1186, and authorities cited in note 2; 2 Thompson on Negligence, pp. 740–742, notes secs. 6 and 7. *First.* While it is a general rule that a municipal corporation is not liable for injuries occasioned by nuisances situated on private property, this does not apply to those cases where the nuisance has been created by its own agents or under its directions, or when the nuisance borders on a public street and renders travel along such highway unsafe or dangerous. *Grogan v. Foundry Co.*, 87 Mo. 358; *Kiley v. Kansas City*, 87 Mo. 103; *Franke v. St. Louis*, 110 Mo. 522. *Second.* A municipal corporation is liable for injuries resulting from negligence or unskillfulness in grading its streets. *Wegmann v. Jefferson City*, 61 Mo. 55; *Stewart v. City*, 79 Mo. 611. (7) The occupier of premises is responsible for their unsafe condition and is therefore liable for personal injuries occasioned thereby. *First.* The lessor is jointly liable with the lessee when the premises are leased in such dangerous condition, the lessor being responsible for the creation of the nuisance and the lessee for its maintenance. 1 Thompson on Negligence, notes sec. 12, pp. 317–323; *Pope v. Boyle*, 98 Mo. 530; *Deutsch v. Abeles*, 15 Mo. App. 403; *Gordon v. Peltzer*, 56 Mo. App. 603. *Second.* In the case at bar, the lessor, as well as the lessee, is liable because a

duty was imposed upon him by ordinance to fence the quarry where the injury occurred and his failure to do so was negligence *per se*. *Jelly v. Pieper*, 44 Mo. App. 380; *Skinner v. Stifel*, 55 Mo. App. 15; *Railroad v. McDonald*, 14 Sup. Court Rep. 627.

*W. C. Marshall* for respondent city of St. Louis.

(1) The petition states no cause of action against the city of St. Louis, nor does the evidence authorize a recovery by plaintiff. The *gravamen* of the petition and of the evidence is that the city is liable because it failed to exercise its police powers and require the owner of private property to abate a nuisance thereon. The city is not liable for failure to exercise its police powers or to abate a nuisance on private property. Dillon on Municipal Corporations, secs. 145, 405, and cases cited in note 2. Tiedeman's Limitation of Police Power, sec. 122, pp. 438 and 439, and cases cited in note 1; 15 Am. and Eng. Ency. of Law, p. 54, par. 6, and the numerous cases cited in note 3; *Mathiason v. Mayer*, 90 Mo. 585. (2) The accident to plaintiff not having been caused by any defect in the street nor from any excavation adjacent to the street into which the plaintiff was precipitated while traveling along the street, as a traveler, the city is not liable. *Overholt v. Vieths*, 93 Mo. 423; *Witte v. Stifel*, 126 Mo. 295; *Moran v. Car Co.*, 36 S. W. Rep. 659; *Barney v. Railroad*, 126 Mo. 372; *Eisenberg v. Railroad*, 33 Mo. App. 85. (3) Appellant's argument in reference to the condition existing in the quarry constituting an attraction to children, and his references to the turntable cases, and the like, have no bearing whatever on the liability of the city, inasmuch as the place where the accident occurred was on private property, and not on a public highway.

*Lubke & Muench* for respondent Cavanaugh *et al.*

(1) The obligations of Timothy Cavanaugh as landlord were suspended, and his lessee was alone answerable for the use, care, and condition of the property. Taylor's Landlord and Tenant, seventh edition, section 175: "When an owner lets to a tenant he surrenders the entire possession and control for the term, having then no more right of entry than any stranger, unless for certain exceptional purposes affecting his future enjoyment of the freehold. Outside of such purposes, the tenant may resist his invasion of the premises as a violation of the law which protects the domicile against the world. * * * This is the law of Missouri." *St. Louis v. Kaime*, 2 Mo. App. 66. (2) The tenant is alone liable where injury results to a stranger from a failure to repair the leased premises, or from their negligent use by the tenant. *Gordon v. Peltzer*, 56 Mo. App. 599. (3) The landlord is not liable for injuries to third persons when he has parted with the possession of the premises, and the tenant has been negligent in their use. *Evre v. Jordan*, 111 Mo. 424. (4) And as to the Cavanaugh Construction Company, the evidence was insufficient to show that the ashes or other substance which burned appellant lay on the premises of the company. The material was on the bank, but whether in the line of Magazine street or on private property was not shown. (5) The burden of making this showing, either by direct or circumstantial evidence, rested upon appellant. It was a fact essential to the right of recovery against the company, and the law required this fact to be proved by testimony. Leaving it to conjecture of possibility, or even probability, was not sufficient. *Moore v. Railroad*, 28 Mo. App. 627. (6) But whether the injuries happened to appellant within the line of the unimproved

Magazine street, or on private property, is not important. Independent of that proposition, there was no cause of action shown against any one of the defendants. (7) When the evidence shows that the child has been warned, and is of an age and condition to appreciate the danger and risks it is taking, its trespass will preclude the recovery of damages. In such cases an implied invitation to resort to the place is rebutted. Without that there is nothing to predicate liability on. *Overholt v. Vieths*, 93 Mo. 423 (citing with approval *Gillespie v. McGowan*, 100 Pa. St. 144, and *Klix v. Nieman*, 68 Wis. 271); *Curly v. Railroad*, 98 Mo. 18; *Witte v. Stifel*, 126 Mo. 295; *Moran v. Car Co.*, 36 S. W. Rep., p. 659.

MACFARLANE, J.—Plaintiff, a minor, by his next friend, prosecutes this suit to recover of defendants damages on account of having his feet badly burned by reason of the alleged negligence of defendants. The defendants are Timothy Cavanaugh, the owner of an old rock quarry, the Cavanaugh Construction Company, a corporation, and lessee of said quarry, and the city of St. Louis.

An old quarry about sixty feet deep, and about one block in area, constitutes the dangerous property complained of. The property was surrounded on the east by Glasgow avenue, on the south by Madison street, on the west by Garrison avenue, and north by Magazine street. The wall of the quarry on Harrison avenue was nearly perpendicular, and was protected by a fence. Magazine street was only partially improved. From this street the quarry was used, by authority of the defendants, as a public dumping place for all kinds of debris gathered from streets, alleys, and back yards. This was burned and there were frequently smouldering fires therefrom. Along this street into the quarry

the banks were steep but sloping. Generally a watchman was kept at this dump to direct the unloading of the debris thrown into it. There was no fence or other protection on this, the south side of the quarry. Boys sometimes visited this dumping place to look for cans, wire, and other articles thrown out there.

On the ninth day of September, 1893, plaintiff was twelve years of age, and lived with his parents about two blocks south of the quarry. He had about two weeks before been warned by his father not to go about the dump, as he was liable to get burned. On said day he and two companions were on Magazine street about its junction with Garrison avenue, and he saw, about the bottom of the embankment, some wire which he concluded to get. He ran down the embankment and about two thirds of the way down stepped both feet into a smouldering fire, or hot ashes, and, being barefooted, his feet were severely burned. The watchman was not present. These, briefly stated, are the facts developed at the trial.

Certain ordinances of the city were read in evidence defining nuisances and providing for their abatement, and requiring holes and other dangerous places to be properly inclosed with fences or walls. Two sections of these ordinances read as follows:

"Sec. 619. All holes, depressions, excavations or other dangerous places within the city of St. Louis that are below the natural or artificial grades of the surrounding or adjacent street shall be properly inclosed with fences or walls, or be filled up so as to prevent persons or animals from falling into them."

"Sec. 620. The street commissioner shall notify the owners or occupants of premises upon which such dangerous places exist, to cause fences or walls to be built around them, or to cause the same to be filled up, within such period as he may deem the exigencies of

the case may require. In case of failure to comply by any of the owners or occupants of said premises, after the notification above required has been given, then they shall be deemed guilty of a misdemeanor, and upon conviction thereof, be fined before the police court not less than ten nor exceeding five hundred dollars.''

The owner and lessee of the property are charged with negligence in maintaining a nuisance in a populous portion of the city, in failing to fence the quarry, and in permitting it to be used in such a manner as to attract children into a place of danger from hidden fires. The city is charged with negligence in permit-ting a nuisance on the street and in not requiring the hole to be fenced.

After hearing the evidence of plaintiff, on intimation from the court that a demurrer to the evidence would be sustained, plaintiff took a nonsuit with leave. A motion to set aside the nonsuit was overruled, and plaintiff appealed.

I. Plaintiff was not injured by falling into a dangerous excavation on the street. When injured he was on private property some distance from the street where he went voluntarily. Though the street may have been in a negligently dangerous condition, that was not the proximate cause of the injury. The city can not, therefore, be held responsible for the injury on the ground of neglect to keep the street in proper condition.

Nor can the city be held responsible for injuries to private persons resulting from a failure to enforce its police regulations, which provide for the prevention and abatement of nuisances. *Harmon v. City of St. Louis, ante,* p. 494; 2 Dill. Mun. Corp. [4 Ed.], sec. 951.

As to the city, the judgment was clearly right.

II. Section 619 of the ordinances requires all such holes and depressions as the one in question to be "inclosed with fences or walls, or to be filled up, so as to prevent persons or animals from falling into them."

The ordinance thus prescribes, as a police regulation, a duty to be performed by persons owning such dangerous property. A failure to comply with the requirements of the ordinance would be a breach of duty to the public for which one injured because of it could recover the damages sustained.

This liability has been often declared in actions for damages resulting from a failure to observe the requirements of ordinances regulating the operation of trains in cities. Such breach of duty is held by this court to constitute negligence *per se*. It, at least, with the resulting injury, makes a *prima facie* right to recover.

In the case of *Harmon v. St. Louis, supra*, decided at this term, by court *in banc*, it was held that one who builds a wooden structure in the city contrary to an ordinance prohibiting the erection of such buildings, is liable to respond in damages to any one specially injured thereby.

The general rule, in the absence of express law, is, that one is not required to fence, or otherwise secure his private property for the protection of strangers, unless the dangers therefrom are so near a public highway as to threaten the safety of persons exercising ordinary care in using the way. *Overholt v. Vieths*, 93 Mo. 424; *Witte v. Stifel*, 126 Mo. 303.

But in case a statute, or valid ordinance, requires the owner to take such precaution, and he neglects or refuses to do so, the unprotected property becomes a public nuisance, and the owner will be liable as for maintaining a nuisance on his premises. *Harmon* case, *supra*.

But this ordinance is in derogation of a common right, and a failure to comply with its requirements should not be treated as a license to voluntary trespassers to go upon the property at will. It was evidently intended to protect those only who were lawfully using the public streets and not those who voluntarily leave the street and go upon the property for their own convenience or pleasure. A fence would be no protection against such persons.

These last remarks may not apply to persons *non sui juris*, who may wander upon the property, but we do not regard plaintiff as such a person. He was an intelligent, active lad of twelve years, who had been warned by his father of the danger of going into the excavation. He must be taken as voluntarily assuming the risk of injury in going down the dump. The attraction of a piece of wire does not excuse the trespass. The judgment is affirmed. All the judges of this division concur.