## City of Chicago v. Emily E. Ramsey.

1. MUNICIPAL CORPORATIONS—*Liability for the Unauthorized Acts of Railroad Companies.*—The city of Chicago is not liable in an action for acts done by a railroad company in constructing its roadbed and tracks in a street, which the company was not authorized or directed to do by the ordinance of the city authorizing such construction.

**Trespass on the Case.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed June 19. Rehearing denied July 10, 1900.

CHARLES M. WALKER, corporation counsel, and THOMAS J. SUTHERLAND, attorneys for appellant.

HAMLIN & BOYDEN and DARROW, THOMAS & THOMPSON, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

Appellee is the owner of lots 20 and 21, in block 4, Davis' addition, etc., in the city of Chicago. Said premises are otherwise known as numbers 36 and 38 Rockwell street. Said Rockwell street runs north and south, and is one of the streets laid out and dedicated in said Davis' addition. The south line of said addition is nearly parallel to, and about sixty feet north of the north line of Lake street. Fulton and Lake streets run east and west. Rockwell street was never formally opened or dedicated from the south line of Davis' addition to Lake street. There are two railroad tracks in Rockwell street. From in front of the lots of appellee south, said tracks are upon the west half of the street. From in front and north of said lots said tracks curve toward the east, so that at a point about 100 feet south of Fulton street said tracks cross the east line of Rockwell street.

East, and adjoining the railroad tracks, and running south

from the south end of Rockwell street to the north line of Lake street, is a strip of land about sixty feet in length and between twelve and eighteen feet in width. Said strip of land is designated by the letter "A" upon one of the plats offered in evidence, and it will be hereinafter referred to by that designation.

The city, by ordinance, directed the railroad company owning the same to elevate said tracks and to erect a retaining wall on the east line of said tracks in Rockwell street which was done. Access to Fulton street along Rockwell street was thus prevented.

Instead of continuing such retaining wall along the east line of said tracks from the south end of Rockwell to the north line of Lake street, said railroad company elevated the whole of said strip "A" and erected a retaining wall along the north end and the south end and the east side of said strip of land. All access to Lake street from Rockwell street over said strip "A" was thus completely cut off.

On behalf of appellee it is insisted that said strip "A" had been used for many years by the public, and especially by parties residing on Rockwell street, as a route of travel for both vehicles and pedestrians, connecting Rockwell street with Lake street, and that there had been, in effect, a common law dedication of said strip "A," as a public highway.

On behalf of appellant it is contended that said strip "A" is private property belonging to said railroad company; that it had not been dedicated to public use; and that appellee had no right to the unobstructed use of the same as contended.

A large part of this voluminous record is made up of the contest as to the dedication of said strip "A" or the right in appellee to use the same as a means of ingress and egress to her said property. Such dedication or such right of user was made the basis, largely, of determining the damage to said property of appellee. If appellee was possessed of such right, and if she was deprived thereof by the act or direction of appellant, that was a proper fact to be consid-

ered by the jury in determining the amount of damage to said lots 20 and 21. But if appellee had in fact no such right in said strip "A," or if appellee was not deprived of the use thereof by the act or direction of appellant, then the fact that said strip "A" was elevated and inclosed by a retaining wall was not a proper element of damages to be considered by the jury in this case.

The city of Chicago is not liable in this action for anything done by said railroad company which said company was not authorized or directed to do by said ordinance. (City of East St. Louis v. O'Flynn, 119 Ill. 200, 206.) It does not appear that said city did or directed any act or thing in connection with the elevating of said tracks or the building of said retaining wall, other than to adopt said ordinance and to require said railroad company to make the improvement as therein provided.

Said railroad company is not required by said ordinance to elevate said strip "A" or to build retaining walls across the same. That was done by the railroad company of its own free will and choice, so far as the city is concerned and so far as this record shows. The city is, therefore, not liable for any damages resulting therefrom. But that was a material element or fact included in the questions to witnesses and otherwise, in determining the amount of damages to appellee's said lots.

It is not here contended but that appellee suffered damage by the closing of the north end of Rockwell street. But it is impossible to determine from this record what part of the damages awarded by the jury was on account of the closing of Rockwell street north of said lots, and what part on account of the elevating of said strip "A" and building a wall across the same, as stated.

The judgment of the Superior Court must be reversed and the cause remanded.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

MR. PRESIDING JUSTICE HORTON :

As the judgment in this case was reversed and the cause

remanded for another trial it was not our purpose to express an opinion upon the question of fact as to whether appellee had a right of · ingress and egress to her property over the strip of land designated in our former opinion by the letter " A." But as counsel by a petition for rehearing insist upon a decision as to this question, we must say that in our opinion the evidence in this case does not establish any right whatever in appellee to the use of said strip " A," and that therefore she is not entitled to damages, if any, caused by the erection of walls across, and thus preventing passage along or over said strip " A."

It is also urged in said petition for rehearing as follows, viz :

" An examination of the record will show that in arriving at the amount of its verdict the jury did not take into consideration nor include in its verdict any damage resulting to appellee by reason of loss of access by way of Lake street."

Upon the trial the question of whether appellee had any right of access to her lots over said strip " A," and what damage to her lots had been caused by elevating said strip, was almost the only contested question of fact. Witnesses were examined as experts as to such damage. To the witness Wm. T. Cushing, the following question was propounded and the following answer thereto given by him, viz :

" Q.   What in your judgment has been the effect of the elevation of those tracks and the closing up of Lake street and Fulton street on that property ?   A.   It has damaged the property in question in my opinion. By the closing up of those streets it has made the property inaccessible, and consequently it can not be put to any valuable use."

And to the witness C. L. Wood the following, to wit :

" Q.   Now, Mr. Wood, what in your judgment was the effect of the elevation of the tracks and the closing up of Lake street and Fulton street on that property ?   A.   It certainly damaged it; a total loss of value almost. It certainly has some value; I should say $500 a lot. It has damaged it by making it inaccessible."

Objections to this testimony were strenuously urged and

exceptions duly preserved by attorneys for appellant. Such objections should have been sustained and this court can not say that the jury was not affected thereby in arriving at their verdict. We see no reason for changing the conclusion heretofore expressed in this case.