# Mary Morrell, Appellee, v. City of Pana, Appellant.

1. MUNICIPAL CORPORATIONS—*how acts of can be proved.* The acts of municipal corporations can only be shown by their records.

2. MUNICIPAL CORPORATIONS, § 1118*—*when city not liable for injuries to property caused by discharge of sewage.* A municipality cannot be held liable in an action for injuries to property alleged to have been caused by the discharge of sewage into a water course where there is no competent proof that any drain or sewer discharging into the water course was either built by the municipality or authorized by it.

3. MUNICIPAL CORPORATIONS, § 938*—*when city not liable for damages resulting from acts of others.* A city cannot be held liable for damages resulting from acts done by persons or corporations which it did not authorize.

4. MUNICIPAL CORPORATIONS, § 938*—*when city not liable for injuries resulting from nuisance created by others.* Mere failure on

the part of a city to prevent the creation of a nuisance by others does not render it liable for injuries resulting therefrom.

5. MUNICIPAL CORPORATIONS, § 938*—*when city is not liable for injuries caused by nuisance.* A city is not liable for injuries caused by a nuisance created by private persons or corporations on private property.

6. MUNICIPAL CORPORATIONS, § 938*—*when not liable for failure to abate nuisance.* A city is not liable for failure to abate a nuisance created by private persons or corporations on private property.

7. MUNICIPAL CORPORATIONS, § 1112*—*when not liable for injuries due to failure to construct sewers and drains.* A city is not liable for injuries arising through its failure to exercise its charter powers in regard to constructing and maintaining sewers and drains.

Appeal from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917.

E. E. DOWELL and L. G. GRIFFITH, for appellant.

LESLIE J. TAYLOR and C. E. SPRINGSTUN, for appellee; JAMES M. TAYLOR, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellee brought suit in case against appellant to recover damages on account of an alleged nuisance said to have been caused by the emptying of sewage into a natural water course.

The declaration consists of two counts. In each of these counts it is alleged to be the duty of appellant to control, manage and dispose of all the sewage and drainage of said corporation and to do so in such a manner as not to injure, prejudice or aggrieve appellee in the possession, use and enjoyment of her premises. The breach of duty alleged in the first count is that appellant has heretofore constructed and now maintains and controls five sewer drains extending from the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

business and residence portion of appellant city in a northeasterly direction and emptying into a natural water course or draw which passes near the residence of appellee. The damage is alleged to have arisen from the fact that from January 1, 1911, to the commencement of suit, large quantities of sewage, offal, excrement and accumulations from sewers, cesspools, toilets and street inlets of said city were carried from said city and deposited into said water course past the premises of plaintiff, causing foul and poisonous vapors, gases and odors to arise, rendering the premises of appellee unsanitary and unsafe for human habitation.

The second count is substantially the same as the first as to the allegation of duty on the part of the city, but the breach of the duty is alleged in this count to be that appellant permitted divers persons and corporations in said city to construct, control, maintain and operate the drains in question, describing them as in the other count, and in permitting said drains to be used by divers persons and corporations in said city from the 1st of January, 1911, to the present time. The result and effect of such use are the same as charged in the other count. There is no allegation of special damage in either count.

The evidence tends to show that the ravine in question, while outside of the city limits, runs past the premises of appellee and within approximately thirty feet of her residence, and from there crosses the premises of the Smith-Lohr Coal Mining Company; that the Smith-Lohr Coal Mining Company had erected a dam across this ravine and excavated a pond 50 to 100 feet from appellee's residence in the ravine from which it obtains water for washing coal; it is claimed that the odors came from the pond in question and that the plaintiff had never been bothered by such odors until after the pond was made. Appellee insists that this last claim is not true or supported by the proof.

There is absolutely no competent proof in this record to show that there was any drain or sewer emptying into the ravine in question through which any sewage passed, that was either built or authorized by appellant city. The acts of municipal corporations can only be shown by the records of such corporation. *City of Chicago v. McGraw,* 75 Ill. 566. There is no competent proof of any official act by the city council of appellant at any time authorizing the building either of these drains or granting permission to others to build the same. There is proof of the construction of two drains or sewers through which offensive matter was emptied into the ravine referred to. One is spoken of as the Y. M. C. A. sewer, which has its origin and outlet on private property, the outlet being outside of the corporation limits of appellant. The other is spoken of as the North School sewer. Like the Y. M. C. A. sewer it has its origin and outlet on private property, the outlet being outside of the city limits. There is no proof in the record that we have had our attention called to or can find that the city had anything to do with the laying of these sewers, or their use, or in permitting sewage to be emptied into them. Clearly there can be no liability under the first count of the declaration, in which it is charged that the sewers creating the nuisance were constructed by the city, or under the second count in which it is charged that the city permitted the construction and use of the sewers in question. If by permission is meant "official consent," no such consent of the city is shown; neither is any act of such city having any reference to the construction or use of these sewers or either of them established by the proof. If by the term "permitted" appellee means a failure to prevent, then the proof undoubtedly supports the averment in the declaration; but neither proof nor declaration shows any liability on the part of the city for a nuisance created by any

private person, corporation or society. A city cannot be held liable for damages resulting from acts done by persons or corporations which it has not authorized. *City of Chicago v. McGraw,* 75 Ill. 566; *City of East St. Louis v. O'Flynn,* 119 Ill. 200; *Thayer v. City of Boston,* 124 Mass. 132; *City of Chicago v. Ramsey,* 90 Ill. App. 271; Dillon on Municipal Corporations, sec. 772.

Mere failure on the part of the city to prevent persons or corporations from creating a nuisance will not create a liability on the part of the city. A city is not liable for a nuisance created by private persons on private property. *City of Dalton v. Wilson,* 118 Ga. 100; *City of Georgetown v. Commonwealth,* 115 Ky. 382, 61 L. R. A. 673; *Barger v. City of Hickory,* 130 N. C. 550. Nor for a failure to abate a nuisance created by private persons or corporations upon private property. *Davis v. Montgomery,* 51 Ala. 139; *James' Adm'r v. Trustees of Harrodsburg,* 85 Ky. 191; *Butz v. Cavanaugh,* 137 Mo. 503; *Arnold v. City of St. Louis,* 152 Mo. 173; *Leonard v. City of Hornellsville,* 41 N. Y. App. Div. 106, 58 N. Y. Supp. 266; *Miller v. Newport News,* 101 Va. 432; *Munn v. City of Pittsburgh,* 40 Pa. St. 364; *Terry v. City of New York,* 8 Bosw. 504. Appellee apparently brought this suit on the theory that appellant is liable for its failure to exercise its charter powers with reference to constructing and maintaining sewers and drains. That is not the law. *City of Chicago v. Seben,* 165 Ill. 371; *City of Springfield v. Le Claire,* 49 Ill. 476; *Goodrich v. City of Chicago,* 20 Ill. 445; *City of Paris v. Cracraft,* 85 Ill. 294; *City of Chicago v. Rustin,* 99 Ill. App. 47; *Carr v. Northern Liberties,* 35 Pa. St. 324.

The judgment of the Circuit Court is therefore reversed and the cause is remanded.

*Reversed and remanded.*